## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | ) | Chapter 11 |
|  | ) |  |
| **REAL INDUSTRY, INC.,** *et al.*,[1] | ) | Case No. 17-12464 (KJC) |
|  | ) |  |
| **Debtors.** | ) | (Jointly Administered) |
|  | ) |  |

## SCHEDULE OF ASSETS AND LIABILITIES
## FOR REAL INDUSTRY, INC.
## CASE NO. 17-12464 (KJC)

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Real Industry, Inc. (3818), Real Alloy Intermediate Holding, LLC (7447), Real Alloy Holding, Inc. (2396), Real Alloy Recycling, Inc. (9798), Real Alloy Bens Run, LLC (3083), Real Alloy Specialty Products, Inc. (9911), Real Alloy Specification, Inc. (9849), ETS Schaefer, LLC (9350), and RA Mexico Holding, LLC (4620).  The principal place of business for the Real Alloy Debtors is 3700 Park East Drive, Suite 300, Beachwood, Ohio 44122.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REAL INDUSTRY, INC., *et al.*,[1] | ) | Case No. 17-12464 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Real Industry, Inc. ("Real Industry") and its affiliated debtors and debtors in possession (the "Real Alloy Debtors," and, with Real Industry, collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. The Schedules and Statements are subject to further review, verification, and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Accordingly, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to (a) amend the Schedules and Statements with respect to claim (as defined in section 101(5) of the Bankruptcy Code) description, designation, or Debtor against which the claim is asserted; (b) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount,

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Real Industry, Inc. (3818), Real Alloy Intermediate Holding, LLC (7447), Real Alloy Holding, Inc. (2396), Real Alloy Recycling, Inc. (9798), Real Alloy Bens Run, LLC (3083), Real Alloy Specialty Products, Inc. (9911), Real Alloy Specification, Inc. (9849), ETS Schaefer, LLC (9350), and RA Mexico Holding, LLC (4620). The principal place of business for the Real Alloy Debtors is 3700 Park East Drive, Suite 300, Beachwood, Ohio 44122.

liability, priority, status, or classification; (c) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, or avoidability of any claim.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors.  Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers).

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized.  In no event will the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Mr. Michael J. Hobey, Interim Chief Executive Officer of Real Industry, Chief Financial Officer of each of the Real Alloy Debtors, and authorized agent at each of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Hobey necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Hobey has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and

Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

*Neither the Schedules and Statements, nor the Global Notes, should be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.*

### Global Notes and Overview of Methodology

**Description of the Chapter 11 Cases and Information Date**

On November 17, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  Except as otherwise noted, the information set forth herein is provided as of the close of business on the Petition Date.

**Basis of Presentation**

For financial reporting purposes, prior to the Petition Date, the Debtors prepared consolidated Real Industry financial statements.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as

---

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment of Schedules and Statements**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

<u>**General Notes Applicable to Schedules and Statements**</u>

1.      **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "<u>Causes of Action</u>") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2.      **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3.      **Claim Designations**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to

amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Debtors.

4. **Unliquidated Claim Amounts**.    Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5. **Undetermined Amounts**.  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6. **Court Orders**.  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' Chapter 11 Cases entered on or about November 20, 2017 (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, vendors, insurers, hedging counterparties, and taxing authorities.    Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

7. **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8. **Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of November 17, 2017 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets.  Operating cash is presented at bank balance as of the Petition Date.  Certain other assets, such as construction in process, leasehold improvements, and other intangible assets, may be listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes may not appear in these Schedules and Statements or may be listed with a zero-dollar value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors'

Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

9.    **Liabilities**.    The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.    As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.    The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10.    **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals.    In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.    The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.    Also, certain immaterial assets and liabilities may have been excluded.

11.    **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual based on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or otherwise.    The alterations will be limited to only what is necessary to protect the Debtor or third party.

12.    **Leases**.    The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.    To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

13.    **Contingent Assets**.    The Debtors believe that they may possess certain claims and causes of action against various parties.    Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.    The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.    The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliate Debtor entities for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and

RLF1 1310659

receivable, (iii) surety bonds, (iv) guarantees, (v) indemnities, and (vi) warranties. Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

14. **Intercompany Transactions**. In the ordinary course of business and in compliance with past practices, the Debtors engage in routine business transactions with one another and with their non-Debtor direct and indirect subsidiaries. For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Debtors to (A) Continue Using Their Cash Management Systems, (B) Maintain Existing Bank Accounts and Business Forms, and (C) Continue Conducting Intercompany Transactions in the Ordinary Course; (II) Granting Administrative Priority Status to Intercompany Claims; and (III) Granting Related Relief* [Docket No. 14] (the "Cash Management Motion").

15. **Guarantees and Other Secondary Liability Claims**. The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

16. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

17. **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

18. **Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

19. **Estimates**. To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the

reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

20.     **Fiscal Year**. Each Debtor's fiscal year ends on December 31.

21.     **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars. Where necessary, the Debtors converted amounts to U.S. dollars using the exchange rates available in their internal accounting system as of the close of business on November 16, 2017 (EUR/USD: 1.1775, GPB/USD: 1.3182).

22.     **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Also, vehicle identification numbers for the Debtors' vehicles are not readily available and, in order to conserve their assets, the Debtors have not undertaken the process necessary to obtain such identification numbers. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

23.     **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

24.     **Intercompany Claims**. The Debtors maintain business relationships among each other, domestic subsidiaries and affiliates, and with their foreign subsidiaries and affiliates resulting in intercompany notes, receivables and payables (the "Intercompany Claims"). The Intercompany Claims between a Debtor and its non-Debtor affiliates, or between a Real Alloy Debtors and Real Industry, are cash settled and listed on Schedule E/F for the Debtor. Furthermore, in the ordinary course of business, the Real Alloy Debtors incur Intercompany Claims with other Real Alloy Debtors consisting of, among other things, payable and receivables generated by transfers of inventory, which may not be cash settled and are not recorded on the Real Alloy Debtors' Statements and Schedules. The specific Debtor obligor for certain of the Intercompany Claims could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Statements and Schedules on which to list such claim.

25.     **Interest in Subsidiaries and Affiliates**. Real Industry is the 100% equity holder of Debtor Real Alloy Intermediate Holding, LLC ("Intermediate"). Intermediate is the 100% equity holder of Debtor Real Alloy Holding, Inc. ("Holding"), which in turn is a holding company with each of the other Debtors being wholly-owned direct or indirect subsidiaries of

Holding.  Each Debtor's Schedule A/B, Item 15, or Statement, Item 25, contains a listing of the current capital structure of the Debtors and includes ownership interests.

26.    **Letters of Credit**.  In the ordinary course of business, the Debtors provide letters of credit to, among others, government entities, contract counterparties, and vendors.  The Debtors have not listed undrawn letters of credit on the Schedules and Statements.

27.    **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

28.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

29.    **Setoffs**.  The Debtors incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for reported amounts of assets and liabilities, the value of such rights are not listed on the Schedules and Statements.  The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

30.    **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to the individuals and entities that the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decisionmaking or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

31.    **Controlling Shareholders**.  For purposes of the Schedules and Statements, the Debtors define "controlling shareholders" to include entities that directly hold in excess of 20% of the voting shares of the applicable Debtor entity.  Entities listed as "controlling shareholders" have been included for informational purposes only.  The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could

1310650

successfully argue that it is not a "controlling shareholder" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

32.    **Payments**.  The financial affairs and business of the Debtors are complex.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management Systems") (as described in the Cash Management Motion).  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

33.    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

34.    **Gross Revenue**.  Amounts listed for gross revenue in in the Part 1 of the Statements from the beginning of the fiscal year to filing date reflects gross revenue from such Debtor's business for the period of January 1, 2017 through and including the Petition Date.

35.    **Net Operating Losses**.  The value of the Net Operating Losses ("NOLs") scheduled by the Debtors is unknown as it depends on the amount and timing of future taxable income against which the NOLs may be applied, on the form any restructuring may take, as well as on the application of various tax rules limiting the use of the NOLs.

<u>**Specific Notes Regarding the Schedules and Statements**</u>

**Specific Notes Regarding the Statements**

1.    **Losses from Fire, Theft, or Other Casualty**.  The Debtors have not listed under Item 11 any losses that did not exceed $50,000 in magnitude.

2.    **Insider Payments**.  The Debtors made reasonable, good faith efforts to list all material payments made to or for the benefit of insiders with one year before the filing of the Chapter 11 Cases.  However, it would be unduly burdensome to determine the amount of certain de minimis benefits provided to insiders by the Debtors, which include, among other things, the employer portion of health insurance premiums.  Moreover, the payment of such amounts was authorized by the Employee Wage Order (as defined herein).  The Debtors believe that the expenses underlying any corporate credit card reimbursements were incurred for the benefit of the Debtors, and not insiders.  The Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein to include such amounts if required by the Court.

3.    **Payments Related to Bankruptcy**.  Prior to the Petition Date, Debtor Real Alloy Holding, Inc. made all payments related to bankruptcy on behalf of each of the other Real Alloy Debtors.  Accordingly, Debtor Real Alloy Holding, Inc. is the only Real Alloy Debtor with

payments listed under Item 11.  Moreover, certain of the payments listed in Item 11 may have been unrelated to bankruptcy and made on account of other services.

4.    **Property Held for Another**.  In the ordinary course of business, the Debtors may hold property for customers or affiliates that is not tracked in the Debtors' books and records and, therefore, is not listed under Item 21.

5.    **Environmental Law**.  The Debtors have used reasonable efforts to report all any judicial or administrative proceeding under any environmental law in which the Debtors were involved in any capacity within one year before the Petition Date.

6.    **Other Businesses**.  In response to Item 25, the Debtors have only listed businesses in which each respective Debtor holds or held a direct interest (i.e., is the direct parent entity).  Accordingly, any interest held by a Debtor indirectly is not reflected in that Debtor's responses to Item 25.

7.    **Financial Statements**.  Financial statements are often issued to parties in the normal course of business.  Furthermore, each year, in preparation of its annual meeting and proxy solicitation, Real Industry mails its financial statements to its complete list of shareholders on record.  To aggregate such an extensive list would be unduly burdensome.  In addition, as a public company, Real Industry files annual and quarterly financial statements with the Securities and Exchange Commission, which are for the benefit of, and are accessible online by, Real Industry's stockholders and the public.

8.    **Office Furniture, Equipment, and Vehicles**.  The Debtors have aggregated all office furniture, fixtures, equipment, and collectibles under Item 41 in their respective Statements, and all machinery, equipment, and vehicles under Item 50 in their respective Statements.

9.    **Appraisals**.  The Debtors regularly conduct various internal appraisals of, among other things, their inventory, fixtures, and equipment.  Such appraisals are not intended to establish market value and any valuations resulting from such appraisals reflect the book value of such items.

**Specific Notes Regarding Schedule A/B**

1.    **Bank Account Balances**.  As set forth in the Cash Management Motion, the bank account balances listed in the Cash Management Motion were preliminary balances based on information reasonably available to the Debtors at the time.  In the event of any conflict between the Cash Management Motion and the Statements and Schedules, the information contained in the Statements and Schedules shall control in all respects.

2.    **Uncollectible A/R**.  In accordance with GAAP, the Real Alloy Debtors maintain, and update on a quarterly basis, an aggregate estimate of uncollectable accounts receivable.  As of September 30, 2017, the estimate was $261,000.  The estimate is not prepared on a legal entity basis, but on an aggregate basis for all plants operated by the Real Alloy Debtors in the United States.  The Real Alloy Debtors believe that preparing an allocation of the uncollectable accounts

receivable on an entity-by-entity basis would be unduly burdensome and of minimal value to stakeholders.

3.    **Prepayments**.  Certain prepayments reflected on the Debtors' balance sheet are not included because the vendor to which they relate has fully performed the related services and the Debtors have no claims against these vendors.  Prepayment balances reflected on the balance sheet for these services will be reflected in the income statement postpetition in order to match expenses against income in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

4.    **Value of Interests in Subsidiaries**.  For the Real Alloy Debtors, the value of the subsidiary interests set forth on Schedule A/B, Item 15, reflects the original investment in each such subsidiary.  Retained earnings and accumulated losses are not included, because the Real Alloy Debtors historically reported at a consolidated level and did not allocate such earnings and losses to specific Real Alloy Debtors.  However, these earnings and losses should be taken into account when considering the current book value of the subsidiaries.  For Real Industry, the estimated market value of the subsidiary interests set forth on Schedule A/B, Item 15, is marked as unknown.

5.    **Retainers**.    The Debtors have not reconciled the retainers held by their professionals and the amounts applied against such retainers.  Once such review is completed, such retainer balances will be reduced accordingly.

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien.  Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and the Debtors' prepetition senior unsecured notes, only the administrative agents or indenture trustee, as applicable, have been listed for purposes of Schedule D.  The amounts reflected outstanding under the Debtors' prepetition secured credit facilities and the Debtors' prepetition senior unsecured notes reflect approximate amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only as a summary.  Reference to the

applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Real Alloy Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 (II) Authorizing Postpetition Use of Cash Collateral and Other Prepetition Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B), and (V) Granting Related Relief* [Docket No. 15].

**Specific Notes Regarding Schedule E/F**

1.    **Creditors Holding Priority Unsecured Claims**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

Certain claims listed on Schedule E/F are owed to taxing authorities to whom the Debtors may potentially be liable. However, each of these claims is subject to on-going audit and/or the Debtors are otherwise unable to determine with certainty the amount of such claim. Accordingly, such claims have been listed as "undetermined" in amount.

As noted in the Global Notes, the Bankruptcy Court entered the *Final Order (I) Authorizing, but Not Directing, Debtors to (A) Pay and Honor Prepetition Wages, Salaries, Other Compensation, Reimbursable Business Expenses, and Employee Benefit Obligations, and (B) Maintain and Continue Certain Compensation and Benefit Programs Postpetition; and (II) Granting Related Relief* [Docket No. 132], granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order").  Pursuant to the Employee Wage Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or employment-related obligations owed to non-insiders for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  Likewise, the Debtors have not listed on Statement, Question 3, any transfers to non-insider employees on account of wages or employment-related obligations for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court.

2.    **Creditors Holding Nonpriority Unsecured Claims**. The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F

13

based upon the Debtors' existing books and records. Where the Debtors have multiple addresses for a particular claimant, the Debtors have used their best efforts to determine the correct address for such claimant. The specific Debtor obligor for certain of the claims listed on Schedule E/F could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule E/F on which to list such claim.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

The Debtors have generally refrained from scheduling contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

3.   **Trade Payables**. Trade payables listed on Schedule E/F contain the pre-petition liability information available to the Debtors as of the Petition Date and do not include invoices

that were paid subsequent to the Petition Date related to prepetition obligations per the First Day Orders or other orders of the Court.

**Specific Notes Regarding Schedule G**

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase, sale, and toll orders which, to the extent that such orders constitute executory contracts, are not listed individually on Schedule G.  To the extent that goods were delivered under such orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents may not be set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary.  Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an

executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision or receipt of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

**Specific Notes Regarding Schedule H**

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

\*        \*        \*        \*        \*        \*        \*

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Real Industry, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | **17-12464** |

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

| Part 1: | Summary of Assets |
|---|---|

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................... $      0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................................. $      4,554,329.16

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................................... $      4,554,329.16

---

| Part 2: | Summary of Liabilities |
|---|---|

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................. $      0.00

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................ $      0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................. +$      786,719.60

4. **Total liabilities** ...................................................................................
    Lines 2 + 3a + 3b      $      786,719.60

**Fill in this information to identify the case:**

Debtor name    **Real Industry, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **17-12464**

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property    12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Wells Fargo Bank** | **Real Industry Operating Account** | **6415** | $2,234,244.69 |
| 3.2. | **Wells Fargo Bank** | **Real Industry Payroll Account** | **6479** | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   $2,234,244.69

### Part 2:   Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | **Collateral for Letter of Credit** | $721,875.00 |
| 7.2. | **Morrison & Foerster - Retainer for Bankruptcy** | $500,000.00 |

| Debtor | **Real Industry, Inc.** | Case number *(If known)* **17-12464** |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| 7.3. | **Berkeley Research Group - Retainer for Bankruptcy** | $75,000.00 |
| 7.4. | **Neal Gerber Eisenberg - Retainer for Bankruptcy** | $25,000.00 |
| 7.5. | **Sitrick and Company - Retainer for Bankruptcy** | $10,000.00 |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1. | **Arthur J. Gallagher - Insurance coverage to incl Property/Umbrella/D&O/Fiduciary** | $232,954.62 |
| 8.2. | **Director Fees  - Q4 payment of Fees to Board of Directors** | $25,500.00 |
| 8.3. | **NASDAQ OMX - Nasdaq Stock Listing Fee** | $6,875.03 |
| 8.4. | **Standard & Poor's - Annual Fee** | $2,916.68 |
| 8.5. | **Certent, Inc - Stock option tracking and valuation software subscription** | $9,312.19 |
| 8.6. | **Microsoft - Software License Maintenance Fees** | $2,669.39 |
| 8.7. | **Craig Hallum - Financial Advisor** | $1,267.84 |
| 8.8. | **Wilmington Trust - Annual Collateral Agent Fee** | $1,875.00 |
| 8.9. | **Wilmington Trust - Securitization Fee** | $750.00 |
| 8.10. | **Oracle - License Maintenance and Support** | $6,498.29 |

| Debtor | **Real Industry, Inc.** | Case number *(If known)* **17-12464** |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| 8.11. | **Merrill Corp - External Reporting Software Subscription** | $7,500.00 |

| | | |
|---|---|---|
| 8.12. | **Tricore Solutions - Datacenter Outsourcing Agreement** | $24,710.29 |

| 9. | **Total of Part 2.** | $1,654,704.33 |
|---|---|---|
| | Add lines 7 through 8. Copy the total to line 81. | |

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

## Part 4: Investments

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 14. | **Mutual funds or publicly traded stocks not included in Part 1** Name of fund or stock: | | | |
| 15. | **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** Name of entity: | % of ownership | | |
| 15.1. | **SGGH, LLC** | **100** % | Est market value | Unknown |
| 15.2. | **Cosmedicine, LLC** | **100** % | Est market value | Unknown |
| 15.3. | **Real Alloy Intermediate Holding, LLC** | **100** % | Est market value | Unknown |
| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** Describe: | | | |

| 17. | **Total of Part 4.** | $0.00 |
|---|---|---|
| | Add lines 14 through 16.  Copy the total to line 83. | |

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Debtor | **Real Industry, Inc.** | Case number *(If known)* | **17-12464** |
|---|---|---|---|
| | Name | | |

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** <br> **Furniture** | **$1,337.49** | **Net Book Value** | **$1,337.49** |
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** <br> **Information Systems** | **$29,464.24** | **Net Book Value** | **$29,464.24** |
| | **Oracle Financial Mgmt** | **$615,034.27** | **Net Book Value** | **$615,034.27** |
| 42. | **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

| | **$645,836.00** |
|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
■ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

Schedule A/B Assets - Real and Personal Property

| Debtor | **Real Industry, Inc.** | Case number *(If known)* **17-12464** |
|---|---|---|
| | Name | |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. | **Internet domain names and websites** **See Attached Schedule A/B: Part 10, Question 61** | **Unknown** | | **Unknown** |
| 62. | **Licenses, franchises, and royalties** | | | |
| 63. | **Customer lists, mailing lists, or other compilations** | | | |
| 64. | **Other intangibles, or intellectual property** | | | |
| 65. | **Goodwill** | | | |

66. **Total of Part 10.**

   Add lines 60 through 65. Copy the total to line 89.

   **$0.00**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**

   ■ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

   ■ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

   ■ No
   ☐ Yes

| Part 11: | **All other assets** |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☐ No.  Go to Part 12.
   ■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 71. | **Notes receivable** Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)** Description (for example, federal, state, local) | |
| | **See Attached Schedule A/B: Part 11, Question 72**          Tax year | **$17,000.00** |
| 73. | **Interests in insurance policies or annuities** | |

| Debtor | **Real Industry, Inc.** | Case number *(If known)* **17-12464** |
|--------|----------------------|------------------------------------------|
|        | Name                 |                                          |

**Description: QBE Insurance Corporation**
**Policy Type: Directors & Officers**
**Policy Number: QPL0053357**                                    Unknown

**Description: Axis Insurance Company**
**Policy Type: Directors & Officers Side A DIC**
**Policy Number: MCN788478012017**                               Unknown

**Description: U.S. Specialty Insurance Company**
**Policy Type: Directors & Officers**
**Policy Number: 14MGU17A41307**                                 Unknown

**Description: Chubb**
**Policy Type: EPL, Fiduciary and Crime**
**Policy Number: 82500819**                                      Unknown

**Description: Chubb**
**Policy Type: Auto Liability**
**Policy Number: 1773253487**                                    Unknown

**Description: Chubb**
**Policy Type: Property**
**Policy Number: 35357851WCE**                                   Unknown

**Description: Chubb**
**Policy Type: Umbrella ($10M)**
**Policy Number: 79826594**                                      Unknown

**Description: Lloyds of London**
**Policy Type: CA EQ**
**Policy Number: EQP00085302**                                   Unknown

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

   **Reimbursement Due from Merrill Lynch**                      $2,544.14

78. **Total of Part 11.**                                        $19,544.14
   Add lines 71 through 77. Copy the total to line 90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

Debtor    **Real Industry, Inc.**                                    Case number *(If known)*  **17-12464**
          Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $2,234,244.69 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $1,654,704.33 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $645,836.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .....................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $19,544.14 | |
| 91. **Total.** Add lines 80 through 90 for each column | $4,554,329.16 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $4,554,329.16 |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule A/B:  Part 10, Question 61 - Internet domain names and websites

| General Description of Property (Patents, copyrights, trademarks, and trade secrets; Internet domain names and websites; Licenses, franchises and royalties; Customer lists, mailing lists, or other compilations; Other intangibles, or intellectual property; Goodwill) | Net Book Value of Debtor's Interest | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
| --- | --- | --- | --- |
| Domain Name: aluminumrecyclingservices.com | Undetermined | N/A | Undetermined |
| Domain Name: etsschaefer.com | Undetermined | N/A | Undetermined |
| Domain Name: flattery.club | Undetermined | N/A | Undetermined |
| Domain Name: flattery.com | Undetermined | N/A | Undetermined |
| Domain Name: flattery.net | Undetermined | N/A | Undetermined |
| Domain Name: flattery.social | Undetermined | N/A | Undetermined |
| Domain Name: fmtinv.com | Undetermined | N/A | Undetermined |
| Domain Name: kosformen.com | Undetermined | N/A | Undetermined |
| Domain Name: kosforwoman.com | Undetermined | N/A | Undetermined |
| Domain Name: kosforwomen.com | Undetermined | N/A | Undetermined |
| Domain Name: kosmedicine.com | Undetermined | N/A | Undetermined |
| Domain Name: prequalxpress.biz | Undetermined | N/A | Undetermined |
| Domain Name: prequalxpress.com | Undetermined | N/A | Undetermined |
| Domain Name: prequalxpress.info | Undetermined | N/A | Undetermined |
| Domain Name: prequalxpress.net | Undetermined | N/A | Undetermined |
| Domain Name: prequalxpress.org | Undetermined | N/A | Undetermined |
| Domain Name: projectkos.com | Undetermined | N/A | Undetermined |
| Domain Name: raly-inc.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.ca | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.de | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.mx | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.net | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.org | Undetermined | N/A | Undetermined |
| Domain Name: realalloy.uk | Undetermined | N/A | Undetermined |
| Domain Name: realalloybensrun.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloycanada.ca | Undetermined | N/A | Undetermined |
| Domain Name: realalloycanada.com | Undetermined | N/A | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule A/B:  Part 10, Question 61 - Internet domain names and websites

| General Description of Property (Patents, copyrights, trademarks, and trade secrets; Internet domain names and websites; Licenses, franchises and royalties; Customer lists, mailing lists, or other compilations; Other intangibles, or intellectual property; Goodwill) | Net Book Value of Debtor's Interest | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
|---|---|---|---|
| Domain Name: realalloyeurope.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyeurope.de | Undetermined | N/A | Undetermined |
| Domain Name: realalloygermany.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloygermany.de | Undetermined | N/A | Undetermined |
| Domain Name: realalloyinc.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloymexico.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloymexico.mx | Undetermined | N/A | Undetermined |
| Domain Name: realalloynorway.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyrecycling.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloys.ca | Undetermined | N/A | Undetermined |
| Domain Name: realalloys.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloys.de | Undetermined | N/A | Undetermined |
| Domain Name: realalloys.mx | Undetermined | N/A | Undetermined |
| Domain Name: realalloys.uk | Undetermined | N/A | Undetermined |
| Domain Name: realalloyspec.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyspecialty.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyspecialtyproducts.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyspecification.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyuk.com | Undetermined | N/A | Undetermined |
| Domain Name: realalloyuk.uk | Undetermined | N/A | Undetermined |
| Domain Name: realinc.com | Undetermined | N/A | Undetermined |
| Domain Name: realindacquisition.com | Undetermined | N/A | Undetermined |
| Domain Name: realindacquisition.info | Undetermined | N/A | Undetermined |
| Domain Name: realindacquisition.net | Undetermined | N/A | Undetermined |
| Domain Name: realindinc.com | Undetermined | N/A | Undetermined |
| Domain Name: realindinc.net | Undetermined | N/A | Undetermined |
| Domain Name: realindinc.org | Undetermined | N/A | Undetermined |
| Domain Name: realindustry.com | Undetermined | N/A | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule A/B:  Part 10, Question 61 - Internet domain names and websites

| General Description of Property (Patents, copyrights, trademarks, and trade secrets; Internet domain names and websites; Licenses, franchises and royalties; Customer lists, mailing lists, or other compilations; Other intangibles, or intellectual property; Goodwill) | Net Book Value of Debtor's Interest | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
|---|---|---|---|
| Domain Name: realindustry.net | Undetermined | N/A | Undetermined |
| Domain Name: realindustry.us | Undetermined | N/A | Undetermined |
| Domain Name: realindustryinc.com | Undetermined | N/A | Undetermined |
| Domain Name: realindustryinc.net | Undetermined | N/A | Undetermined |
| Domain Name: realindustryinc.org | Undetermined | N/A | Undetermined |
| Domain Name: realuniverse.ca | Undetermined | N/A | Undetermined |
| Domain Name: realuniverse.de | Undetermined | N/A | Undetermined |
| Domain Name: realuniverse.mx | Undetermined | N/A | Undetermined |
| Domain Name: realuniverse.net | Undetermined | N/A | Undetermined |
| Domain Name: realuniverse.uk | Undetermined | N/A | Undetermined |
| Domain Name: realvalueconsortium.com | Undetermined | N/A | Undetermined |
| Domain Name: realvalueconsortium.net | Undetermined | N/A | Undetermined |
| Domain Name: realvalueconsortium.org | Undetermined | N/A | Undetermined |
| Domain Name: sghholdco.com | Undetermined | N/A | Undetermined |
| Domain Name: sghholdco.net | Undetermined | N/A | Undetermined |
| Domain Name: sghholdcoinc.com | Undetermined | N/A | Undetermined |
| Domain Name: sghholdcoinc.net | Undetermined | N/A | Undetermined |
| Domain Name: signature.bz | Undetermined | N/A | Undetermined |
| Domain Name: signaturecap.com | Undetermined | N/A | Undetermined |
| Domain Name: signaturegroupholdings.com | Undetermined | N/A | Undetermined |
| Domain Name: squarepegcapital.com | Undetermined | N/A | Undetermined |
| Domain Name: squarepegcapital.info | Undetermined | N/A | Undetermined |
| Domain Name: wabashalloys.com | Undetermined | N/A | Undetermined |
| | | Total: | Undetermined |

In re Real Industry, Inc.

Case No. 17-12464 (KJC)

Schedule A/B:  Part 11, Question 72 - Tax refunds and unused net operating losses (NOLs)

| Description | Tax Year | Amount of Loss (if applicable) | Current Value of Debtor's Interest |
|---|---|---|---|
| Alabama Refund | 2015 | | $17,000.00 |
| Arizona NOL | 2016 | $429,441.00 | Undetermined |
| California NOL | 2016 | $975,181,169.00 | Undetermined |
| Colorado NOL | 2014 | $1,333,054.00 | Undetermined |
| Federal AMT NOL | 2007 - 2014, 2016 | $898,369,974.00 | Undetermined |
| Federal NOL | 2007 - 2014, 2016 | $914,497,290.00 | Undetermined |
| Federal Refund | 2017 | | Undetermined |
| Florida NOL | 2016 | $111,276,394.00 | Undetermined |
| Georgia NOL | 6.11.2010 | $3,368,662.00 | Undetermined |
| Hawaii NOL | 2014 | $12,408,397.00 | Undetermined |
| Idaho NOL | 2016 | $988,102.00 | Undetermined |
| Illinois NOL | 2016 | $31,566,797.00 | Undetermined |
| Michigan NOL | 2016 | $4,431,709.00 | Undetermined |
| Minnesota NOL | 2016 | $3,764,570.00 | Undetermined |
| New Jersey NOL | 2014 | $88,326,367.00 | Undetermined |
| NY NOL | 2016 | $44,388.00 | Undetermined |
| NYC NOL | 2016 | $13,316.00 | Undetermined |
| Rhode Island NOL | 2014 | $1,106,395,666.00 | Undetermined |
| West Virginia NOL | 2016 | $1,604,263.00 | Undetermined |
| Wisconsin NOL | 2016 | $190,293.00 | Undetermined |
| | | **Total:** | **$17,000.00** |

**Fill in this information to identify the case:**

Debtor name **Real Industry, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known) **17-12464**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property 12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim |
|---|---|---|
| **2.1 Wells Fargo Bank, N.A.** Creditor's Name | | |

Describe debtor's property that is subject to a lien: **Undrawn Letter of Credit**

**333 South Grand Avenue, 6th Floor Los Angeles, CA 90071-1504**
Creditor's mailing address

Amount of claim: **Unknown**  Value of collateral: **$0.00**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
■ No  ☐ Yes

Is anyone else liable on this claim?
■ No  ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

Date debt was incurred

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is: Check all that apply
■ Contingent  ■ Unliquidated  ■ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**  **$0.00**

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name      **Real Industry, Inc.**

United States Bankruptcy Court for the:      DISTRICT OF DELAWARE

Case number (if known)      **17-12464**

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | | Total claim | Priority amount |
|---|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**See Attached Schedule E/F: Part 1** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | **Unknown** | **Unknown** |
| | Date or dates debt was incurred | Basis for the claim: | | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | | |
| | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes | | | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address<br>**See Attached Schedule E/F: Part 2** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$786,719.60** |
| | **Date(s) debt was incurred _**<br>**Last 4 digits of account number _** | Basis for the claim: _<br>Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the<br>related creditor (if any) listed? | Last 4 digits of<br>account number, if<br>any |
|---|---|---|
| | | |

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| Debtor | **Real Industry, Inc.** | Case number (if known) | **17-12464** |
|---|---|---|---|
| | Name | | |

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $ **786,719.60** |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ **786,719.60** |

&14In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F: Part 1 - Creditors With Priority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Specify Code Subsection of Priority Unsecured Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|
| California Franchise Tax Board | PO BOX 942857 SACRAMENTO CA 94257-0531 | Prepetition franchise tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| Delaware Secretary of State | DIVISION OF CORPORATIONS PO BOX 5509 BINGHAMTON NY 13902-5509 | prepetition  franchise tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| Department of the Treasury | INTERNAL REVENUE SERVICE OGDEN UT 84201-0012 | Prepetition federal income tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| Florida Department of Revenue | 5050 W TENNESSE STREET TALLAHASSEE FL 32399-0135 | Prepetition income tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| LA County Tax Assessor | 225 NORTH HILL ST. ROOM 122 LOS ANGELES CA 90012 | Prepetition property tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| Minnesota Revenue | MAIL STATION 1250 ST. PAUL MN 55145-1250 | Prepetition income tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| New York City Department of Finance | BUSINESS CORPORATION TAX PO BOX 5564 BINGHAMTON NY 13902-5564 | Prepetition income tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| New York State Department of Taxation and Finance | NYS CORPORATION TAX PO BOX 15181 ALBANY NY 12212-5181 | Prepetition income tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| NJ Division of Taxation | PO BOX 281 TRENTON NJ 08695-0281 | Prepetition income tax | 11 U.S.C. § 507(a)(8) | x | x | | | Undetermined | Undetermined |
| | | | | | | | Total: | Undetermined | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F:  Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| ALERIS CORPORATION | 25825 SCIENCE PARK DRIVE SUITE 400 CLEVELAND OH 44122 | February 27, 2015 - Series B Preferred Stock | x | x | x | | Undetermined |
| BACKUS, RUSSELL P. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| BARR, RUSSELL | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| BELL, MEGHAN J. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| BERKELEY RESEARCH GROUP, LLC | 810 SEVENTH AVE. NEW YORK NY 10019 | Executory Contract | x | x | | | Undetermined |
| BOPP, JAMES M. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY STE 103 NAPLES FL 34105 | 8/23/2016 - Severance benefit | x | x | | | $562,500.00 |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY NAPLES FL 34105 | Executory Contract | x | x | | | Undetermined |
| BOX.COM | 900 JEFFERSON AVE REDWOOD CITY CA 94063 | Executory Contract | x | x | | | Undetermined |
| BROPHY, BRENNA MAE | 4233 MOONCREST PLACE ENCINO CA 91636 | Executory Contract | x | x | | | Undetermined |
| BROPHY, COLIN SEAN | 4233 MOONCREST PLACE ENCINO CA 91636 | Executory Contract | x | x | | | Undetermined |
| BYNOE, PETER C.B. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| CERTENT | 4683 CHABOT DRIVE PLEASANTON CA 94588 | Executory Contract | x | x | | | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| CHARLESTOWN CAPITAL ADVISORS LLC | 17 STATE STREET, SUITE 3811 NEW YORK NY 10004 | Executory Contract | x | x | x | | Undetermined |
| COLLINS, RANDY | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| COMPUTERSHARE SHAREOWNER SERVICES, LLC | 211 QUALITY CIRCLE COLLEGE STATION TX 77845-4470 | Various Dates - Trade Payable | x | x | | | $5,800.85 |
| COMPUTERSHARE, INC. | 250 ROYALL ST CANTON MA 02021 | Executory Contract | x | x | | | Undetermined |
| CONTRERAS, LAURA | 6501 PALOS VERDE DR. EAST RANCHO PALOS VERDE CA 90275 | Executory Contract | x | x | | | Undetermined |
| CROWELL & MORING | 1001 PENNSYLVANIA AVENUE, NW WASHINGTON DC 20004-2595 | 8/29/2017 – Trade Payable | x | x | | | $3,298.00 |
| CRUSINBERRY, JEFF | 1560 MEADOWLARK CIRCLE CORONA CA 92881-4178 | Executory Contract | x | x | | | Undetermined |
| DE NOVO LEGAL PC | 1926 KELLOGG AVE STE 101 CARLSBAD CA 92008 | 11/8/2017 - Trade Payable | x | x | | | $3,675.00 |
| DECONINCK, PATRICK | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| DELOITTE TAX LLP | 127 PUBLIC SQUARE CLEVELAND OH 44114-1303 | 11/6/2017 - Trade Payable | x | x | | | $3,583.00 |
| DELOITTE TAX LLP | 127 PUBLIC SQUARE CLEVELAND OH 44114 | Executory Contract | x | x | | | Undetermined |
| DONATELLI, ERIN | 7 GREENVIEW WAY UPPER MONTCLAIR NJ 7043 | Executory Contract | x | x | | | Undetermined |
| DONATELLI, THOMAS | 7 GREENVIEW WAY UPPER MONTCLAIR NJ 7043 | Executory Contract | x | x | | | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| DONNELLY FINANCIAL SOLUTIONS | PO BOX 932721 CLEVELAND OH 44193 | 10/27/2017 - Trade Payable | x | x | | | $2,400.00 |
| DUCHARME, MCMILLEN AND ASSOCIATES, INC. | 6610 MUTUAL DRIVE FORT WAYNE IN 46825 | Executory Contract | x | x | | | Undetermined |
| ERNST & YOUNG | 950 MAIN AVE SUITE 1800 CLEVELAND OH 44113 | October 2017 - Trade Payable | x | x | | | $130,000.00 |
| FEDEX | PO BOX 7221 PASADENA CA 91109-7321 | 10/9/2017 - Trade Payable | x | x | | | $65.18 |
| GARISEK, CHRISTOPHER J. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| GCA ADVISORS, LLC | ONE MARITIME PLAZA 25TH FLOOR SAN FRANCISCO CA 94111 | Various Dates - Trade Payable | x | x | | | $13,403.40 |
| GCA ADVISORS, LLC | ONE MARITIME PLAZA SAN FRANCISCO CA 94111 | Executory Contract | x | x | | | Undetermined |
| GRIFFIN, CATHRYN D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| HAESER, WINFRIED | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| HALL, WILLIAM | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| HARNDEN, JEFFREY T. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F:  Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| HOTCHKIS & WILEY | 725 S. FIGUEROA STREET LOS ANGELES CA 90017 | Executory Contract | x | x | | | Undetermined |
| HOUSTON, MATTHEW D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| INSPERITY | 19001 CRESCENT SPRINGS DRIVE KINGWOOD TX 77339 | Executory Contract | x | x | | | Undetermined |
| JEFFERIES LLC | 520 MADISON AVENUE NEW YORK NY 10022 | Executory Contract | x | x | | | Undetermined |
| JENNINGS, ANDREW M. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| K&E GROSSMAN CHILDREN'S TRUST | 122 EAST 42ND STREET NEW YORK NY 10168 | Executory Contract | x | x | | | Undetermined |
| KENNETH S. GROSSMAN P.C. | 122 EAST 42ND STREET NEW YORK NY 10168 | Executory Contract | x | x | | | Undetermined |
| KORING, RALF | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| LADNER, JONATHAN | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| LAMB, PATRICK E. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| LLEON HOLDINGS GP | 1884 FALLING STAR AVE WESTLAKE VILLAGE CA 91362 | Executory Contract | x | x | | | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| MANDERSON, CHRISTOPHER | 200 AVENIDA LA CUESTA SAN CLEMENTE CA 92672 | Executory Contract | x | x | | | Undetermined |
| MANDERSON, WILLIAM C. | 200 AVENIDA LA CUESTA SAN CLEMENTE CA 92672 | Executory Contract | x | x | | | Undetermined |
| MCINTOSH, JOSEPH | 2 N RIVERSIDE PLAZA # 600 CHICAGO IL 60606 | Various Dates - Director Fees Payable | x | x | | | $27,318.68 |
| MCINTOSH, JOSEPH | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| MCKINLAY, LANCE | 9110 IRVINE CENTER DR. IRVINE CA 92618 | Executory Contract | x | x | | | Undetermined |
| MERRILL BRIDGE | ONE MERRILL CIRCLE ST. PAUL MN 55108 | Executory Contract | x | x | | | Undetermined |
| MILLER, JOHN | 15233 15TH ST N STILLWATER MN 55082-1865 | Executory Contract | x | x | | | Undetermined |
| MOODY'S | 7 WORLD TRADE CENTER NEW YORK NY 10007 | Nov 2017 - Trade Payable | x | x | | | $2,708.33 |
| NOELL, CRAIG | 1884 FALLING STAR AVE WESTLAKE VILLAGE CA 91362 | Executory Contract | x | x | | | Undetermined |
| NWRA CAPITAL PARTNERS, LLC | 7 TIMES SQUARE NEW YORK NY 10036 | Executory Contract | x | x | | | Undetermined |
| OLSON, STEPHEN | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| PRICEWATERHOUSECOOPERS LLP | 200 PUBLIC SQUARE, 18TH FLOOR BP TOWER CLEVELAND OH 44114 | 11/8/2017 - Trade Payable | x | x | | | $1,363.00 |
| PURCELL, JENNIFER | 1710 GRANVILLE AVE LOS ANGELES CA 90025 | Executory Contract | x | x | | | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| RACKSPACE (TRICORE SOLUTIONS) | 141 LONGWATER DRIVE, SUITE 100 NORWELL MA 02061 | Executory Contract | x | x | | | Undetermined |
| RANGEL, DANIEL F. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| REAL ALLOY HOLDING, INC. | 3711 PARK EAST DRIVE BEACHWOODS OH 44122 | Executory Contract | x | x | | | Undetermined |
| ROMERO, THOMAS A. | 8 WATERSIDE TERRACE WESTPORT CT 06880 | Executory Contract | x | x | | | Undetermined |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| S&P GLOBAL MARKET INTELLIGENCE | 2542 COLLECTION CENTER DR CHICAGO IL 60693 | Various Dates - Trade Payable | x | x | | | $9,401.82 |
| SCHIFFER, CLAUDIA | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| SEALEY, JAUNIQUE | 12411 FIELDING CIRCLE PLAYA VISTA CA 90094 | Executory Contract | x | x | | | Undetermined |
| SEEMANN, GAYLORD | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| SHIN, JEEHAE | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| THE EQUITY GROUP INC | 800 THIRD AVENUE, 36TH FLOOR NEW YORK NY 10022 | 10/31/2017 - Trade Payable | x | x | | | $7,610.00 |
| THE ROSS FAMILY TRUST DATED 3/18/2012 | 533 N EDINBURGH AVE LOS ANGELES CA 90048 | Executory Contract | x | x | | | Undetermined |
| THE SCHAFER LAW FIRM, P.C. | 22431 ANTONIO PARKWAY RANCHO SANTA MARGARITA CA 92688 | Executory Contract | x | x | | | Undetermined |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule E/F: Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|
| THE V-FORCE INVESTMENT & TRADING CORP. | 1316 E. WINDSOR RD. GLENDALE CA 91205 | Executory Contract | x | x | | | Undetermined |
| TOMOLO, JOSEPH S. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| TRICORE SOLUTIONS, LLC | 141 LONGWATER DRIVE SUITE 100 NORWELL MA 02061 | 11/1/2017 - Trade Payable | x | x | | | $16,890.34 |
| WEAVER, RAY W. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| WHITT, ANTHONY | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| WILL, CHRISTOPH | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| WUELBERS, UWE | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Executory Contract | x | x | | | Undetermined |
| | | | | | | Total: | $790,017.60 |

**Fill in this information to identify the case:**

Debtor name    **Real Industry, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **17-12464**

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| **2.1.**   State what the contract or lease is for and the nature of the debtor's interest | |
|     State the term remaining | |
|     List the contract number of any government contract | **See Attached Schedule G** |

In re Real Industry, Inc.

Case No. 17-12464 (KJC)

Schedule G: Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| ALERIS CORPORATION (AND SUBSIDIARIES) | 25825 SCIENCE PARK DR BEACHWOOD OH 44122 | Purchase and Sale Agreement, as amended | 10/17/2014 | Ongoing |
| AMERICAN EXPRESS | P.O. BOX 0001 LOS ANGELES CA 90096-8000 | Corporate Credit Card Services | | Ongoing |
| BACKUS, RUSSELL P. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| BARR, RUSSELL | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/25/2016 | 15 months |
| BARR, RUSSELL | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/28/2017 | 28 months |
| BARR, RUSSELL | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 3/31/2015 | 5 months |
| BARR, RUSSELL | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| BARR, RUSSELL | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| BELL, MEGHAN J. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 7/29/2016 | 16 months |
| BELL, MEGHAN J. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| BERKELEY RESEARCH GROUP, LLC | 810 SEVENTH AVE. SUITE 4100 NEW YORK NY 10019 | Engagement Letter | 11/1/2017 | Ongoing |
| BLACKROCK, INC. | 55 EAST 52ND STREET NEW YORK NY 10055 | Ownership Exemption Waiver Letter | 2/17/2016 | 30 days written notice |
| BOARDVANTAGE INC. | P.O. BOX 780700 PHILADELPHIA PA 19178-0700 | Subscription Agreement | 3/21/2017 | 4 months |
| BOPP, JAMES M. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| BOPP, JAMES M. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| BOSTON PARTNERS | 909 3RD AVE 32ND FLOOR NEW YORK NY 10022 | Ownership Exemption Waiver Letter | 7/14/2017 | 30 days written notice |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY SUITE 103 NAPLES FL 34105 | Separation Agreement | 8/23/2016 | 9 months |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY SUITE 103 NAPLES FL 34105 | Release Agreement | 8/23/2016 | 69 months |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY SUITE 103 NAPLES FL 34105 | TSR Performance Award Agreement | 2/25/2016 | 15 months |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY SUITE 103 NAPLES FL 34105 | Performance Share Agreement | 6/1/2015 | 2 months |
| BOUCHARD, CRAIG | 1460 GOLDEN GATE PARKWAY SUITE 103 NAPLES FL 34105 | Common Stock Option Award Agreement | 6/5/2013 | 34 months |
| BOX.COM | 900 JEFFERSON AVE REDWOOD CITY CA 94063 | Cloud based file storage | 6/29/2017 | 6 months |
| BROPHY, BRENNA MAE | 4233 MOONCREST PLACE ENCINO CA 91636 | Warrant Agreement | 4/16/2015 | Ongoing |
| BROPHY, COLIN SEAN | 4233 MOONCREST PLACE ENCINO CA 91636 | Warrant Agreement | 4/16/2015 | Ongoing |
| BYNOE, PETER C.B. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 1/3/2017 | 2 months |
| BYNOE, PETER C.B. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Unit Award Agreement | 1/3/2017 | 2 months |
| BYNOE, PETER C.B. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| CERTENT | 4683 CHABOT DRIVE SUITE 260 PLEASANTON CA 94588 | Equity administration platform | 9/5/2017 | 20 months |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| CHARLESTOWN CAPITAL ADVISORS LLC | 17 STATE STREET, SUITE 3811 NEW YORK NY 10004 | Office space sublease | 2/1/2014 | 8 months |
| COLLINS, RANDY | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| COMPUTERSHARE INC. | 250 ROYALL ST CANTON MA 02021 | Transfer Agent Agreement | 1/2/2014 | Ongoing |
| COMPUTERSHARE, INC. | 250 ROYALL ST CANTON MA 02021 | Amended and Restated Rights Agreement | 11/2/2017 | 36 months |
| CONTRERAS, LAURA | 6501 PALOS VERDE DR. EAST RANCHO PALOS VERDE CA 90275 | Warrant Agreement | 6/11/2014 | Ongoing |
| CRUSINBERRY, JEFF | 1560 MEADOWLARK CIRCLE CORONA CA 92881-4178 | Consulting Agreement Amendment | 11/16/2017 | 18 months |
| CRUSINBERRY, JEFF | 1560 MEADOWLARK CIRCLE CORONA CA 92881-4178 | Consulting Agreement | 4/28/2017 | 18 months |
| CRUSINBERRY, JEFF | 1560 MEADOWLARK CIRCLE CORONA CA 92881-4178 | Separation Agreement | 4/28/2017 | 78 months |
| CRUSINBERRY, JEFF | 1560 MEADOWLARK CIR CORONA CA 92881 | Consulting Agreement for discontinued operations | 11/16/2017 | 16 months |
| CRUSINBERRY, JEFF | 1560 MEADOWLARK CIRCLE CORONA CA 92881-4178 | Common Stock Option Award Agreement | 5/8/2012 | 2 months |
| CT CORPORATION SYSTEM | 111 EIGHTH AVE 13TH FLOOR NEW YORK NY 10011 | CT Assurance Agreement | 6/1/2016 | 18 months |
| DECONINCK, PATRICK | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 1/3/2017 | 2 months |
| DECONINCK, PATRICK | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| DELOITTE TAX LLP | 127 PUBLIC SQUARE SUITE 3300 CLEVELAND OH 44114 | General tax consulting | 1/6/2017 | 30 days written notice |
| DONATELLI, ERIN K. | 7 GREENVIEW WAY UPPER MONTCLAIR NJ 07043 | Warrant Agreement | 4/16/2015 | Ongoing |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| DONATELLI, THOMAS | 7 GREENVIEW WAY UPPER MONTCLAIR NJ 7043 | Common Stock Option Award Agreement | 8/8/2010 | 2 months |
| DONNELLEY FINANCIAL SOLUTIONS | 1500 NORTH CENTRAL AVE PHOENIX AZ 85004 | File 16 Subscription | 8/1/2017 | Ongoing |
| DUCHARME, MCMILLEN AND ASSOCIATES, INC. | 6610 MUTUAL DRIVE FORT WAYNE IN 46825 | Real property tax consulting | 10/16/2017 | 30 days written notice |
| ERNST & YOUNG LLP | 950 MAIN AVENUE SUITE 1800 CLEVELAND OH 44113-7214 | Master Services Agreement (Audit) | 4/14/2017 | 53 months |
| ERNST & YOUNG LLP | 950 MAIN AVENUE SUITE 1800 CLEVELAND OH 44113-7214 | Master Services Agreement (Tax) | 6/1/2016 | 42 months |
| ERNST & YOUNG LLP | 950 MAIN AVENUE SUITE 1800 CLEVELAND OH 44113-7214 | 2017-8 Audit Engagement Agreement | 5/18/2017 | 6 months |
| GARISEK, CHRISTOPHER J. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| GARISEK, CHRISTOPHER J. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| GCA ADVISORS, LLC | ONE MARITIME PLAZA 25TH FLOOR SAN FRANCISCO CA 94111 | Engagement Letter | 5/19/2017 | 9 months |
| GRIFFIN, CATHRYN D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| GRIFFIN, CATHRYN D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| GRIFFIN, CATHRYN D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| HAESER, WINFRIED | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HALL, WILLIAM | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 1/3/2017 | 2 months |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| HALL, WILLIAM | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Unit Award Agreement | 1/3/2017 | 2 months |
| HALL, WILLIAM | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| HARNDEN, JEFFREY T. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| HARNDEN, JEFFREY T. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Continuation Agreement | 11/16/2017 | Ongoing |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/25/2016 | 15 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/28/2017 | 28 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 3/31/2015 | 5 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 9/30/2016 | 22 months |
| HOBEY, MICHAEL J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/25/2016 | 15 months |
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/28/2017 | 28 months |
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 3/31/2015 | 5 months |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HOGAN, TERRANCE J | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| HOTCHKIS & WILEY | 725 S. FIGUEROA STREET 39TH FLOOR LOS ANGELES CA 90017 | Ownership Exemption Waiver Letter | | 30 days written notice |
| HOUSTON, MATTHEW D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HOUSTON, MATTHEW D. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD TX 44122 | Continuation Agreement | 11/16/2017 | Ongoing |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 12/14/2016 | 25 months |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 12/14/2016 | 1 month |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/28/2017 | 28 months |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| HOWARD, KELLY G | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| INSPERITY | 19001 CRESCENT SPRINGS DRIVE KINGWOOD TX 77339 | Professional Employer Organization; payroll and benefits administrator | 8/16/2011 | 30 days written notice |
| JEFFERIES LLC | 520 MADISON AVENUE NEW YORK NY 10022 | Engagement Letter (Refinance) | 7/12/2017 | 14 months |
| JEFFERIES LLC | 520 MADISON AVENUE NEW YORK NY 10022 | Engagement Letter (Restructuring) | 10/1/2017 | Ongoing |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| JENNINGS, ANDREW M. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| JENNINGS, ANDREW M. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| K&E GROSSMAN CHILDREN'S TRUST | 18 NORFOLK ROAD GREAT NECK NY 11020-1716 | Warrant Agreement | 9/1/2012 | Ongoing |
| KENNETH S. GROSSMAN P.C. | 122 EAST 42ND STREET SUITE 4305 NEW YORK NY 10168 | Finder Engagement Agreement | 1/31/2017 | 20 months |
| KORING, RALF | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| KORING, RALF | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| LADNER, JONATHAN | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Continuation Agreement | 11/15/2017 | Ongoing |
| LAMB, PATRICK E. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 1/3/2017 | 2 months |
| LAMB, PATRICK E. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Unit Award Agreement | 1/3/2017 | 2 months |
| LAMB, PATRICK E. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| LLEON HOLDINGS GP | 1884 FALLING STAR AVE WESTLAKE VILLAGE CA 91362 | Warrant Agreement | 6/11/2014 | Ongoing |
| MANDERSON, CHRISTOPHER | 200 AVENIDA LA CUESTA SAN CLEMENTE CA 92672 | Common Stock Option Award Agreement | 11/5/2012 | 19 months |
| MANDERSON, WILLIAM C. | 200 AVENIDA LA CUESTA SAN CLEMENTE CA 92672 | Warrant Agreement | 4/16/2015 | Ongoing |
| MCINTOSH, JOSEPH | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 42873 | 2 months |
| MCINTOSH, JOSEPH | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| MCKINLAY, LANCE | 9110 IRVINE CENTER DR. IRVINE CA 92618 | Warrant Agreement | 4/16/2015 | Ongoing |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G: Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| MERRILL BRIDGE | ONE MERRILL CIRCLE<br>ST. PAUL MN 55108 | SEC filing software provider | 8/30/2017 | 20 months |
| MILLER, JOHN | 15233 15TH ST N<br>STILLWATER MN 55082-1865 | Indemnification Agreement | 11/1/2017 | Ongoing |
| NOELL, CRAIG | 1884 FALLING STAR AVE<br>WESTLAKE VILLAGE CA 91362 | Warrant Agreement | 6/11/2014 | Ongoing |
| NWRA CAPITAL PARTNERS, LLC | 7 TIMES SQUARE<br>43RD FLOOR<br>ATTN: STEVEN SHEPSMAN<br>NEW YORK NY 10036 | Warrant Agreement | 6/10/2010 | Ongoing |
| OLSON, STEPHEN | 3700 PARK E. DRIVE<br>BEACHWOOD OH 44122 | Continuation Agreement | 11/15/2017 | Ongoing |
| OLSON, STEPHEN | 3700 PARK E. DRIVE<br>BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 5 months |
| OLSON, STEPHEN | 3700 PARK E. DRIVE<br>BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 4 months |
| ORACLE AMERICA, INC. | 500 ORACLE PKWY<br>REDWOOD SHORES CA 94065 | Master Agreement and Software License | 8/21/2017 | |
| ORACLE AMERICA, INC. | 500 ORACLE PKWY<br>REDWOOD SHORES CA 94065 | Software Update License and Support | 3/31/2017 | 5 months |
| ORACLE AMERICA, INC. | 500 ORACLE PKWY<br>REDWOOD SHORES CA 94065 | Software Update License and Support | 2/1/2017 | 4 months |
| PRINCIPAL LIFE INSURANCE COMPANY | 711 HIGH STREET<br>DES MOINES IA 50392 | Group Annuity Contract (401(k)) | 1/15/2015 | Ongoing |
| PRINCIPAL LIFE INSURANCE COMPANY | 711 HIGH STREET<br>DES MOINES IA 50392 | Plan Expense Agreement (401(k)) | 3/1/2015 | Ongoing |
| PRINCIPAL LIFE INSURANCE COMPANY | 711 HIGH STREET<br>DES MOINES IA 50392 | Service and Expense Agreement (401(k)) | 1/15/2015 | Ongoing |
| PRINCIPAL TRUST COMPANY | P.O. BOX 8963<br>WILMINGTON DE 19899-8963 | Directed Trust Agreement (401(k)) | 2/13/2015 | Ongoing |
| PURCELL, JENNIFER | 1710 GRANVILLE AVE<br>APT 7<br>LOS ANGELES CA 90025 | Warrant Agreement | 6/11/2014 | Ongoing |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| RACKSPACE (TRICORE SOLUTIONS) | 141 LONGWATER DRIVE, SUITE 100 NORWELL MA 02061 | Provides financial books and records (Hyperion and Oracle) support | 2/7/2017 | 14 months |
| RACKSPACE (TRICORE SOLUTIONS) | 141 LONGWATER DRIVE, SUITE 100 NORWELL MA 02061 | Second Oracle Environment | 11/20/2017 | Month to Month |
| RACKSPACE/TRICORE SOLUTIONS LLC | 141 LONGWATER DRIVE SUITE 100 NORWELL MA 02061 | Managed Hosting Service Agreement, as a | 2/7/2017 | 16 months |
| RANGEL, DANIEL F. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| RANGEL, DANIEL F. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| REAL ALLOY HOLDING, INC. | 3711 PARK EAST DRIVE SUITE 300 BEACHWOODS OH 44122 | Management Services Agreement | 3/1/2015 | 3 mos. |
| REAL ALLOY HOLDING, INC. | 3711 PARK EAST DRIVE SUITE 300 BEACHWOOD OH 44122 | Tax Sharing Agreement | 2/27/2015 | Ongoing |
| ROMERO, THOMAS A. | 8 WATERSIDE TERRACE WESTPORT CT 06880 | Warrant Agreement | 6/11/2014 | Ongoing |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Continuation Agreement | 11/16/2017 | Ongoing |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/25/2016 | 15 months |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | TSR Performance Award Agreement | 2/28/2017 | 28 months |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/6/2015 | 3 months |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/27/2015 | 3 months |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 4 months |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 9/13/2016 | 22 months |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Indemnification Agreement | 11/1/2017 | Ongoing |
| ROSS, KYLE C | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Common Stock Option Award Agreement | 8/8/2010 | 45 months |
| SCHIFFER, CLAUDIA | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| SEALEY, JAUNIQUE | 12411 FIELDING CIRCLE #2536 PLAYA VISTA CA 90094 | Separation and Cosmedicine Proceed Sharing Agreement | 12/23/2016 | Ongoing |
| SEEMANN, GAYLORD | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 3/31/2015 | 5 months |
| SEEMANN, GAYLORD | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| SEEMANN, GAYLORD | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| SHIN, JEEHAE | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| SHIN, JEEHAE | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| SIGNATURE CREDIT PARTNERS, INC. | 3711 PARK EAST DRIVE SUITE 300 BEACHWOOD OH 44122 | Tax Sharing Agreement | 2/23/2011 | Ongoing |
| TD AMERITRADE | 1 PLAZA FOUR A JERSEY CITY NJ 07311-4000 | Employee Stock Plan Services Agreement | 9/5/2017 | 10 months |
| THE ROSS FAMILY TRUST DATED 3/18/2012 | 533 N EDINBURGH AVE LOS ANGELES CA 90048 | Warrant Agreement | 6/11/2014 | Ongoing |

In re Real Industry, Inc.

Case No. 17-12464 (KJC)

Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| THE SCHAFER LAW FIRM, P.C. | 22431 ANTONIO PARKWAY B160-706 RANCHO SANTA MARGARITA CA 92688 | Warrant Agreement | 9/18/2015 | Ongoing |
| THE V-FORCE INVESTMENT & TRADING CORP. | 1316 E. WINDSOR RD. SUITE 5 GLENDALE CA 91205 | Consulting Agreement | 4/1/2017 | 17 months |
| TOCQUEVILLE ASSET MANAGEMENT LP | 40 WEST 57TH ST NEW YORK NY 10019 | Ownership Exemption Waiver Letter | 4/26/2017 | 30 days written notice |
| TOMOLO, JOSEPH S. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| TOMOLO, JOSEPH S. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 7/29/2016 | 5 months |
| TRICORE SOLUTIONS, LLC | 141 LONGWATER DRIVE SUITE 100 NORWELL MA 02061 | Managed Hosting Service Agreement | 1/31/2017 | 13 mos. |
| TRICORE SOLUTIONS, LLC | 141 LONGWATER DRIVE SUITE 100 NORWELL MA 02061 | Master Agreement - IT | 2/7/2017 | Perpetual until Terminated |
| UBS FINANCIAL SERVICES | 2029 CENTURY PARK EAST SUITE 3000 LOS ANGELES CA 90067 | DC Advisory Consulting Services Agreeme | 3/2/2015 | Ongoing |
| WEAVER, RAY W. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| WEAVER, RAY W. | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| WELLS FARGO BANK, N.A. | 333 SOUTH GRAND AVE. LOS ANGELES CA 90071-1504 | Standby Letter of Credit Agreement | 8/24/2016 | 10 months |
| WHITT, ANTHONY | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| WHITT, ANTHONY | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |

In re Real Industry, Inc.
Case No. 17-12464 (KJC)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty Name | Address | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term |
|---|---|---|---|---|
| WILL, CHRISTOPH | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| WILL, CHRISTOPH | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| WILMINGTON TRUST | 246 GOOSE LANE SUITE 105 GUILFORD CT 06437 | Indenture Trustee Agreement | 1/6/2015 | Ongoing |
| WUELBERS, UWE | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/25/2016 | 16 months |
| WUELBERS, UWE | 3700 PARK E. DRIVE BEACHWOOD OH 44122 | Restricted Stock Award Agreement | 2/28/2017 | 28 months |
| XCAST LABS INC. | 1880 CENTURY PARK EAST SUITE 1415 LOS ANGELES CA 90067 | VOIP Services Agreement | 1/1/2017 | Ongoing |

**Fill in this information to identify the case:**

Debtor name __**Real Industry, Inc.**__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known) __**17-12464**__

☐ Check if this is an
  amended filing

# Official Form 206H
# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| **Name** | **Mailing Address** | | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | _____ Street | | _____ | ☐ D ☐ E/F ☐ G |
| | _____ City        State        Zip Code | | | |
| 2.2 _____ | _____ Street | | _____ | ☐ D ☐ E/F ☐ G |
| | _____ City        State        Zip Code | | | |
| 2.3 _____ | _____ Street | | _____ | ☐ D ☐ E/F ☐ G |
| | _____ City        State        Zip Code | | | |
| 2.4 _____ | _____ Street | | _____ | ☐ D ☐ E/F ☐ G |
| | _____ City        State        Zip Code | | | |

**Fill in this information to identify the case:**

Debtor name      **Real Industry, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **17-12464**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 8, 2018**          X **/s/ Michael J. Hobey**
                                            Signature of individual signing on behalf of debtor

                                            **Michael J. Hobey**
                                            Printed name

                                            **Interim Chief Executive Officer**
                                            Position or relationship to debtor