**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REAL INDUSTRY, INC., *et al.*[1] | ) Case No. 17-12464 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Ref. Docket No. 176** |
| | ) |

**NOTICE OF ASSET PURCHASE AGREEMENT**
**AND PROPOSED SALE ORDER**

PLEASE TAKE NOTICE that on December 19, 2017, the United States Bankruptcy
Court for the District of Delaware (the "Court") entered an order [Docket No. 176] (the "Bidding
Procedures Order")[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Real
Industry, Inc. ("Real Industry") and its affiliated debtors and debtors-in-possession (the "Real
Alloy Debtors," and with Real Industry, collectively, the "Debtors") that, among other things,
(a) approved auction and bidding procedures (the "Bidding Procedures") for the sale of the Real
Alloy Debtors' assets (the "Assets"), including a proposed auction for the Assets, (b) approved
procedures for the assumption and assignment of executory contracts and unexpired leases,
including notice of proposed cure amounts, and (c) scheduled a hearing to approve such sale.

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's
federal tax identification number, are Real Industry, Inc. (3818), Real Alloy Intermediate Holding, LLC
(7447), Real Alloy Holding, Inc. (2396), Real Alloy Recycling, Inc. (9798), Real Alloy Bens Run, LLC
(3083), Real Alloy Specialty Products, Inc. (9911), Real Alloy Specification, Inc. (9849), ETS Schaefer,
LLC (9350), and RA Mexico Holding, LLC (4620).  The principal place of business for the Real Alloy
Debtors is 3700 Park East Drive, Suite 300, Beachwood, Ohio 44122.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
Bidding Procedures Order.

PLEASE TAKE FURTHER NOTICE that, as set forth in the Bidding Procedures, parties interested in serving as a Stalking Horse Bidder were required to submit a final binding proposal to the Debtors and Jefferies by January 31, 2018.

PLEASE TAKE FURTHER NOTICE that, on or prior to January 31, 2018, the Debtors and Jefferies received three (3) final binding proposals from interested parties to acquire substantially all, or a portion of, the Assets (such proposals, the "Stalking Horse Bids").

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 13(a) of the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code, (IV) Granting Liens and Superpriority Claims, and Modifying the Automatic Stay* [Docket No. 348] (the "Final DIP Order"), the prior written consent of the Required DIP Noteholders and the DIP ABL Agent (each as defined in the Final DIP Order) is required to approve a sale, transfer, lease, encumbrance or other disposition by the Debtors of any portion of the Assets (or entry into any binding agreement to do so) unless the DIP Obligations and the Prepetition Secured Obligations (each as defined in the Final DIP Order) are paid in full in cash upon the closing of such sale or other disposition of the Assets, except as otherwise permitted in the DIP Documents, the Prepetition ABL Documents, and/or the Prepetition Notes Documents (each as defined in the Final DIP Order), as applicable, and the Final DIP Order. Further, pursuant to paragraph 14(c)(iv) of the Final DIP Order, any Stalking Horse Bid and associated bid protections must be acceptable to the DIP ABL Agent, New Money DIP Notes Collateral Agent (as defined in the Final DIP Order), and the Required DIP Noteholders.

ny-1317895
24379316.1 03/08/2018

PLEASE TAKE FURTHER NOTICE that the Debtors have determined that no Stalking Horse Bid is sufficient to pay the DIP Obligations and the Prepetition Secured Obligations in full in cash upon the closing of a sale the Assets.

PLEASE TAKE FURTHER NOTICE that after consultation between the DIP ABL Agent, the DIP Collateral Trustee, and the Required DIP Noteholders (the "DIP Lender Consultation Parties") and the Debtors regarding the Stalking Horse Bids, the DIP Lender Consultation Parties stated their belief that these bids were not reflective of the true value of the Real Alloy Debtors' assets, and therefore they would consent neither to a sale of the Assets on the terms set forth in any Stalking Horse Bid nor to the payment of bid protections in connection with any Stalking Horse Bid.

PLEASE TAKE FURTHER NOTICE that on February 2, 2018, the Required DIP Noteholders stated their intention to provide a credit bid for substantially all of the Assets (the "Credit Bid Proposal"), which shall be documented in a definitive agreement providing for a credit bid for the Assets.

PLEASE TAKE FURTHER NOTICE that on March 7, 2018, the Required DIP Noteholders, the Debtors, and the Official Committee of Unsecured Creditors (the "Committee") agreed upon the terms of an asset purchase agreement documenting the terms of the Credit Bid Proposal (the "Asset Purchase Agreement"), substantially in the form attached hereto as **Exhibit A,** which shall be binding only upon execution and delivery by all parties thereto.  A proposed form of order (the "Proposed Sale Order") authorizing, among other things, the Debtors' entry into the Asset Purchase Agreement is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 18(b) of the Bidding Procedures Order, the Debtors shall no longer consult with the parties submitting the Asset

Purchase Agreement in connection with any issue related to the sale of the portion of the Assets that is the subject of the Asset Purchase Agreement (including, without limitation, regarding whether any Noteholder Credit Bid (as defined in the Bidding Procedures) is the highest or otherwise best offer and the Successful Bid), unless and until such parties revoke the Asset Purchase Agreement.

PLEASE TAKE FURTHER NOTICE that, notwithstanding receipt of the Asset Purchase Agreement, the Debtors will continue to consider and evaluate all Qualified Bids for the Assets, in consultation with the Consultation Parties (subject to paragraph 18(b) of the Bidding Procedures Order), to determine the highest and otherwise best offer for the Assets and whether to conduct an Auction.

PLEASE TAKE FURTHER NOTICE that the Bidding Procedures Order, the Final DIP Order, the Asset Purchase Agreement, and certain other documents relevant to the sale of the Assets, may be obtained free of charge on a website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, which can be found at www.primeclerk.com/realindustry/.

[*Remainder of Page Left Intentionally Blank*]

ny-1317895
24379316.1 03/08/2018

Dated:  March 8, 2018          /s/ Monique B. DiSabatino
       Wilmington, Delaware       Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Sharon L. Levine (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
1037 Raymond Boulevard, Suite 1520
Newark, New Jersey 07102
Telephone: (973) 286-6718
Facsimile: (973) 286-6821
sharon.levine@saul.com

-and-

Gary S. Lee (admitted *pro hac vice*)
Jennifer L. Marines (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
Benjamin Butterfield (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
glee@mofo.com
jmarines@mofo.com
mlightner@mofo.com
bbutterfield@mofo.com

*Counsel for Debtors and Debtors-in-Possession*

ny-1317895
24379316.1 03/08/2018