RECEIVED OFFICE
OF THE U.S. TRUSTEE
WILMINGTON, DE
2018 MAR -8 PM 2:52

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REAL INDUSTRY, INC., *et al.*[1] | ) Case No. 17-12464 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Ref. Dkt. Nos. 348 and 546** |

## STIPULATION AND AGREED ORDER EXTENDING THE CHALLENGE PERIOD SOLELY WITH RESPECT TO THE COMMITTEE

Real Industry, Inc. ("Real Industry") and its affiliated debtors and debtors-in-possession (the "Real Alloy Debtors," and with Real Industry, collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases, the Prepetition Notes Trustee,[2] and the Prepetition ABL Agent (collectively, the "Parties") hereby enter into this stipulation and agreed order (the "Stipulation and Order") and stipulate and agree to the following:

## RECITALS

WHEREAS, on January 17, 2018, the Court entered the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to Sections 361,*

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Real Industry, Inc. (3818), Real Alloy Intermediate Holding, LLC (7447), Real Alloy Holding, Inc. (2396), Real Alloy Recycling, Inc. (9798), Real Alloy Bens Run, LLC (3083), Real Alloy Specialty Products, Inc. (9911), Real Alloy Specification, Inc. (9849), ETS Schaefer, LLC (9350), and RA Mexico Holding, LLC (4620). The principal place of business for the Real Alloy Debtors is 3700 Park East Drive, Suite 300, Beachwood, Ohio 44122.

[2] Capitalized terms used and not defined herein shall have the meaning ascribed to such terns in the Final DIP Order (as defined herein).

ny-1316719
24379332.1 03/08/2018

*362, 363 and 364 of the Bankruptcy Code, (IV) Granting Liens and Superpriority Claims, and (V) Modifying The Automatic Stay* [Docket No. 348] (the "Final DIP Order");

WHEREAS, pursuant to Paragraph 6 of the Final DIP Order, the Real Alloy Debtors' agreements, acknowledgements, stipulations, and releases set forth in Paragraphs D and E thereof shall become binding on all parties in interest, unless and except to the extent that the Committee or any other party in interest has timely filed a Challenge before the occurrence of the Challenge Period Termination Date (the time to commence a Challenge before such occurrence, the "Challenge Period") in accordance with Paragraph 6 of the Final DIP Order;

WHEREAS, the Challenge Period expired with respect to all parties other than the Committee on January 31, 2018; the Parties have previously agreed in writing to extend the Challenge Period solely with respect to the Committee to March 7, 2018;

WHEREAS, a settlement in principle has been reached (the "Global Settlement"), the terms of which are set forth in the Asset Purchase Agreement (defined below), resolving, subject to, among other things, definitive documentation including the Sale Order (defined below) in form and substance acceptable to the Parties in their respective sole discretion and the stipulations herein: (a) any current or future challenge, claim, or cause of action of the Committee related to (i) the extent or priority of the Prepetition Secured Parties' claims and liens against the Debtors' assets and related claims against the Debtors' former and current officers and directors, and (ii) the credit and cash bid (the "Noteholder Credit Bid") by an entity formed at the direction of certain noteholders constituting Required DIP Noteholders (as defined in the Final DIP Order) (the "Purchaser") to purchase substantially all of the assets of the Real Alloy Debtors (the "Sale") pursuant to an order of the Bankruptcy Court (the "Sale Order"); and (b) the

2

assumption by Purchaser of certain priority unsecured claims and non-priority general unsecured claims in connection with the Sale;

WHEREAS, on March 8, 2018, the Real Alloy Debtors filed the asset purchase agreement documenting the terms of the Noteholder Credit Bid, which asset purchase agreement, together with the Sale Order, shall incorporate the terms of the Global Settlement, subject to Bankruptcy Court approval (the "Asset Purchase Agreement") as Exhibit A to the *Notice of Asset Purchase Agreement and Proposed Sale Order* [Docket No. 545]; and

WHEREAS, the Parties have agreed to further extend the Challenge Period solely with respect to the Committee, subject to and in accordance with the terms of this Stipulation and Order.

## AGREED ORDER

NOW THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. Solely with respect to the Committee, the Challenge Period shall be tolled until, and will expire upon, the closing of: (a) the Asset Purchase Agreement; or (b) any higher and better overbid or alternative transaction approved by the Required DIP Noteholders on account of their DIP Notes and Prepetition Notes (each as defined in the Final DIP Order) and selected as the winning bid pursuant to the bidding procedures order entered by the Bankruptcy Court in these Chapter 11 Cases [Docket No. 176] (an "Alternative Sale Transaction") that provides for the assumption of the terms of the Global Settlement or the provision of the economic equivalent of the Global Settlement to holders of (i) the applicable allowed general unsecured claims entitled to priority under section 503(b)(9) of the Bankruptcy Code, and (ii) the

3

ny-1316719
24379332.1 03/08/2018

applicable allowed non-priority general unsecured claims (the occurrence of (a) or (b) in this paragraph, the "Condition Precedent").

2. Upon the occurrence of the Condition Precedent, the agreements, acknowledgements, stipulations, and releases set forth in Paragraphs D and E of Paragraph 6 of the Final DIP Order (including the releases of the Real Alloy Debtors' noteholders, the indenture trustee, administrative agent and collateral agent) shall become unconditionally effective and binding on the Committee, and the Committee shall be deemed to have withdrawn and waived its right to file any Challenge and acknowledge the termination and expiration of the Challenge Period.

3. Until satisfaction of the Condition Precedent, the Committee will support the consummation of the Asset Purchase Agreement pursuant to the terms of the Sale Order, which Sale Order shall provide for consummation of the Sale consistent with the terms of the Asset Purchase Agreement. During the Challenge Period, the Committee shall support (and not object to) the Sale and, upon satisfaction of the Condition Precedent, the Committee will support (and not object to) the structured dismissal of the Real Alloy Debtors' Chapter 11 Cases on terms that are consistent with the provisions of the Asset Purchase Agreement and preserve the rights, remedies, benefits and protections granted by the Final DIP Order and the Sale to the Secured Parties (as defined in the Final DIP Order) and/or the Purchaser, as the case may be.

4. Upon the occurrence of the Condition Precedent, the Final DIP Order shall be deemed modified to provide for the payment in full of all fees and expenses incurred investigating and preparing the Challenge by Brown Rudnick LLP, Duane Morris LLP, and Goldin Associates, LLC (collectively, the "Committee Professionals") up to an aggregate cap of $550,000, subject only to allowance of such fees in accordance with the professional interim

compensation order entered in in these Chapter 11 Cases [Docket No. 180] and any other orders of the Bankruptcy Court allowing professional fees. No other challenge or success fees for the Committee Professionals will be paid.

5. Until the occurrence of the Condition Precedent, (a) the Committee's right to assert any claims (as that term is defined in section 101(5) of the Bankruptcy Code) against any of the Debtors' current or former directors or officers and the Debtors' attorneys, advisors, or other professionals (in their capacities as such) (each, a "D&O Cause of Action") shall be tolled, and (b) the Committee shall forbear from asserting any D&O Cause of Action until seven (7) calendar days after the Committee provides notice of termination of the tolling period unless the closing of the transaction contemplated by the Asset Purchase Agreement occurs beforehand.

6. Except as expressly set forth in this Stipulation and Order, nothing contained in this Stipulation and Order shall constitute an amendment or modification to the Final DIP Order, and the Final DIP Order shall otherwise remain in full force and effect, and all parties' respective rights, remedies, and limitations thereunder shall remain unaffected.

7. This Stipulation and Order shall be binding and effective upon execution by all the Parties hereto. This Stipulation and Order may not be amended or modified without the written consent of the Parties hereto. This Stipulation and Order may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute one document.

*[Signature Pages to Follow]*

Date: March 8, 2018

| **SAUL EWING ARNSTEIN & LEHR LLP** | **BROWN RUDNICK LLP** |

By: /s/ *Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Sharon L. Levine (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
1037 Raymond Boulevard, Suite 1520
Newark, New Jersey 07102
Telephone: (973) 286-6718
Facsimile: (973) 286-6821
sharon.levine@saul.com

-and-

Gary S. Lee (admitted *pro hac vice*)
Jennifer L. Marines (admitted *pro hac vice*)
Mark A. Lightner (admitted *pro hac vice*)
Benjamin Butterfield (admitted *pro hac vice*)
MORRISON & FOERSTER LLP 250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for Debtors and Debtors-in-Possession*

By: /s/ *Bennett S. Silverberg*
William R. Baldiga (admitted *pro hac vice*)
Bennett S. Silverberg (admitted *pro hac vice*)
Andrew M. Carty (admitted *pro hac vice*)
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
wbaldiga@brownrudnick.com
bsilverberg@brownrudnick.com
acarty@brownrudnick.com

-and-

Michael R. Lastowski (DE 3892)
Sommer L. Ross (DE 4598)
Jarret P. Hitchings (DE 5564)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
mlastowski@duanemorris.com
slross@duanemorris.com
jphitchings@duanemorris.com

*Counsel to the Committee*

| DORSEY & WHITNEY (DELAWARE) LLP | GOLDBERG KOHN LTD. |
|---|---|
| By: /s/ *Eric Lopez Schnabel*<br>Eric Lopez Schnabel<br>300 Delaware Avenue<br>Suite 1010<br>Wilmington, DE 19801<br>Telephone: (302) 425-7171<br>Facsimile: (302) 425-7177<br>schnabel.eric@dorsey.com<br><br>-and-<br><br>Adam F. Jachimowski<br>Erin E. Trigg<br>DORSEY & WHITNEY LLP<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 415-9200<br>Facsimile: (212) 953-7201<br><br>jachimowski.adam@dorsey.com<br>trigg.erin@dorsey.com<br><br>*Counsel for the Prepetition Notes Trustee* | By: /s/ *Jeremy M. Downs*<br>Jeremy M. Downs<br>55 East Monroe, Suite 3300<br>Chicago, IL 60603<br>Jeremy.Downs@goldbergkohn.com<br><br>-and-<br><br>Matthew O. Talmo (No. 6333)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>mtalmo@mnat.com<br><br>*Counsel to the Prepetition ABL Agent* |

**SO ORDERED:**

*[signature]* 3-8-18

Honorable Kevin J. Carey
United States Bankruptcy Judge